**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **AMY ROWLEY & SHANE KENDALL,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**KINGSLEY MANAGEMENT CORP, MAJESTIC MEADOWS LLC, ROGER KINGSLEY, NATE KINGSLEY, MADISON KINGSLEY, and JOHN DOES I-V,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-CV-725-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Plaintiffs Amy Rowley and Shane Kendall's Motion to Dismiss Counterclaim [ECF No. 44]. On August 27, 2026, the court held a hearing on the motion. At the hearing, Plaintiffs were represented by Gregory B. Smith and Defendant Majestic Meadows LLC was represented by Tanner J. Mullen. The court took the motion under advisement. After considering the parties' arguments and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

**BACKGROUND**

Defendant Majestic Meadows owns and operates a manufactured home park in Salt Lake City. From September 1, 2019, through March 26, 2024, Plaintiffs resided in one of the manufactured homes, Unit 349, owned by Majestic Meadows as a benefit of their employment.

On March 4, 2024, Majestic Meadows filed an unlawful detainer complaint in Utah's Third Judicial District Court, Salt Lake County, Case No. 240901830 ("State action"). On March 7, 2024, Plaintiffs filed an Answer, attaching their lease and requesting additional time to vacate the

premises. On March 20, 2024, the state court issued an Order of Restitution, requiring Plaintiffs to vacate by March 26, 2024. Plaintiffs vacated the premises on March 27, 2024.

On April 1, 2024, Majestic Meadows moved for summary judgment in the State action, seeking judgment for breach of contract, unlawful detainer, and seeking damages for failure to vacate, ongoing rents, treble damages, and attorney fees and costs. Plaintiffs did not oppose the motion. On April 16, 2024, the state court granted summary judgment, awarding Majestic Meadows all its requested relief.

After Plaintiffs vacated the premises and while Majestic Meadows' motion for summary judgment was pending, Majestic Meadows discovered that while residing in Unit 349, Plaintiffs permitted methamphetamine to be used within the unit. Due to such methamphetamine use, Unit 349 was contaminated and unsafe for human habitation. As a result of the contamination, Majestic Meadows had to have Unit 349 decontaminated, had to remove contaminated furnishings, and had to replace contaminated items, such as flooring. Unit 349 was uninhabitable for approximately three months, resulting in lost rental income for majestic Meadows during that time.

On September 30, 2024, Plaintiffs brought the present action in federal court against Defendants for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"). Defendants jointly employed Plaintiffs at Majestic Meadows' manufactured home park. Plaintiffs also allege that Defendants terminated their employment in retaliation for raising concerns about Defendants' failure to pay appropriate wages and overtime wages.

In response to Plaintiffs' Complaint, Majestic Meadows asserted counterclaims for waste and loss of rent in connection with remediation of the methamphetamine contamination Plaintiffs caused in Unit 349. Majestic Meadows did not assert these claims in the state court unlawful detainer action. Majestic Meadows moved for summary judgment three days before receiving a

report, on April 4, 2024, indicating that Unit 349 was positive for methamphetamine contamination. The unit was uninhabitable until work to decontaminate it concluded on May 27, 2024.

## DISCUSSION

### Plaintiffs' Motion to Dismiss Counterclaims

Plaintiffs argue that the doctrine of claim preclusion bars Majestic Meadows' Counterclaims for waste and loss of rent as a matter of law. Plaintiffs assert that the Counterclaims arise from the same tenancy and nucleus of operative facts previously litigated to final judgment in the Utah state court unlawful detainer action.

Federal courts apply state preclusion law to prior state judgments under the Full Faith and Credit Act, 28 U.S.C. § 1738. Claim preclusion applies not only to issues actually litigated, but also to claims that were not but could have been litigated in the prior proceeding. *Migra v. Warrant City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984). Utah's doctrine of claim preclusion applies if: (1) both suits involve the same parties or privies; (2) the prior action resulted in a final judgment on the merits; and (3) the claims arise from the same cause of action, *i.e.*, the same transaction or nucleus of operative facts. *Raile Fam. Trust v. Promax Dev. Corp.*, 201 UT 40 ¶ 9.

Utah applies the transactional approach to claim preclusion, which focuses on whether the claims in successive actions arise from the same "common nucleus of operative facts or transaction." *Gilmore v. Family Link, LLC*, 2012 UT 38, ¶ 13. The determination of what constitutes a "transaction" is made pragmatically, considering factors such as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit aligns with the parties' expectations or business practices. *Id.* ¶¶ 13, 14. The decisive question is whether "the subjects of the two actions were but one entire and

indivisible cause of action." *Voyles v. Straka*, 77 Utah 171, 292 P. 913,914 (1930). No single factor is determinative, and courts must weigh these considerations holistically. *Gilmor*, 2012 UT 38, ¶¶ 13-14. There are a variety of considerations in the transaction test because "rather than resting on the specific legal theory invoked, [claim preclusion] generally is thought to turn on the essential similarity of the underlying events giving rise to various legal claims." *Van Leeuwen v. Bank of Am. NA*, 2016 UT App 212, ¶ 9.

The Utah Supreme Court has found that "[a] former judgment between the same parties is a bar to the maintenance of the second suit when the causes of action in the two suits are identical." *Voyles*, 292 P. at 913-14. However, "[i]f the subsequent suit is upon a different cause of action, but is between the parties or privies to the former action, the former judgment is not, as such, a bar to the maintenance of the second action."

Claim preclusion does not apply to claims arising from new transactions or when the claim could not have been litigated in the prior action. While a "mere change in legal theory" does not create a new cause of action, "[m]aterial operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first. Restatement (Second) of Judgments § 24(2); *Pioneer Home Owners Ass'n*, 2019 UT App 213, ¶ 44.

In this case, Majestic Meadows was not aware of the facts underlying the Counterclaims for waste and lost rent until after the filing of the unlawful detainer action. Claim preclusion applies if claims "arose before the filing of the complaint in the first action." *Macris & Assocs. v. Neways*, 2000 UT 93, ¶ 22. The Utah Supreme Court has explained that "a plaintiff need only include claims in a suit for res judicata purposes if the plaintiff was aware of the facts upon which

the later claims were based at the time the first suit was filed." *Id.* at ¶¶ 24-25. "While the Utah Rules of Civil Procedure do allow for the amendment of pleadings to add additional parties or claims for relief, they do not require it." *Id.* Even if a claim arises after the fling of the complaint, but before the resolution of the matter, a party is not required to amend the complaint to include the new claims. *Id.* at ¶ 25 ("it is clear that [a] rule . . . requiring that pleadings be amended for res judicata purposes as additional facts and claims are discovered, would be inconsistent with the Utah Rules of Civil Procedure.").

When determining if claim preclusion applies, the court looks to whether the party had the same amount of knowledge regarding the claim at the time the first complaint was filed. *Id.* at ¶ 24. Where claims "rest on a different state of facts and evidence of a different kind or character is necessary to sustain the two causes of action," claim preclusion does not apply. *Id.* ¶ 28.

In this case, Majestic Meadows was not aware of the facts underlying claims for waste and lost rent at the time the state unlawful detainer complaint was filed. When the complaint was filed on March 4, 2024, Majestic Meadows did not know that the house was contaminated with methamphetamine. Majestic Meadows did not learn of the methamphetamine contamination until April 4, 2024. Assessment of damages, waste, and required repairs could not be determined without access to the premises, inspection, and the repair work occurring. That process could not begin until after Majestic Meadows regained possession of the unit. Possession of the unit was at the conclusion of the unlawful detainer action, not at the time of filing it. Therefore, the Counterclaims for lost rent during the repair period and for out-of-pocket repair costs arose from facts that materialized after the filing of the unlawful detainer action. At the filing of the unlawful detainer action, any claim for waste or lost rents would have been speculative and unsupported by known facts. Majestic Meadows did not and could not reasonably have known the extent of the

damage to the house, nor the scope of the repairs required and the amount of time that the property would be unrentable, until after possession was restored and the repair work was completed.

Under Utah law, Majestic Meadows was not obligated to amend its unlawful detainer action. The Utah Supreme Court has stated that a rule "requiring that pleadings be amended for res judicata purposes as additional facts and claims are discovered, would be inconsistent with the Utah Rules of Civil Procedure. *Macris*, 2000 UT at ¶ 25. The facts supporting Majestic Meadows' waste and lost rent claims may concern the same parties and rental unit, but Majestic Meadows did not know and could not have reasonably discovered the material operative facts for the Counterclaims at issue in this case until after the unlawful detainer action was filed. Because Majestic Meadows' Counterclaims are based on facts that were neither known nor reasonably discoverable prior to filing the state unlawful detainer action, they are not barred by claim preclusion under Utah law.

Nothing in the Utah Unlawful Detainer Act requires a different result. Utah Code Ann. § 78B-6-807(c) states that an unlawful detainer complaint "*may* claim damages or compensation for the occupation of the premises, or both." Utah Code Ann. § 78B-6-811(2) states that the court "shall assess the damages resulting to the plaintiff from "waste of the premises during the defendant's tenancy*, if waste is alleged in the complaint* and proved at trial." The Act uses the permissive term may not the mandatory term shall and only requires that damages for waste be decided if waste is alleged in the complaint. The Act does not mandate that a claim for waste be brought in the unlawful detainer action, nor does it suggest that failure to do so results in waiver or claim preclusion.

Because the facts necessary to plead a plausible claim for waste were not known at the time the unlawful detainer complaint was filed, the court concludes that the Counterclaims can proceed

in this action. Accordingly, the court denies Plaintiffs' Motion to Dismiss Majestic Meadows' Counterclaims.

**CONCLUSION**

Based on the above reasoning, Plaintiffs Amy Rowley and Shane Kendall's Motion to Dismiss Counterclaim [ECF No. 44] is DENIED.

DATED this 28th day of September 2026.

BY THE COURT:

DALE A. KIMBALL
UNITED STATES DISTRICT JUDGE